IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY SMITH and DE'QUON NICHOLAS, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § § § | C.A. NO: 1:17-cv-1171 |
| FORMASPACE LOGISTICS SERVICES, LLC and FORMASPACE, LP | § § § § | |
| Defendants. | § | |

## COMPLAINT

Plaintiffs, RODNEY SMITH and DE'QUON NICHOLAS complain of Defendants FORMASPACE LOGISTICS SERVICES, LLC and FORMASPACE, LP, and for their cause of action would show the Court as follows:

## INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including 42 U.S.C. §1981 and the Texas Commission on Human Rights Act.

## PARTIES

2. Plaintiff RODNEY SMITH is a resident of Travis County, Texas.

3. Plaintiff DE'QUON NICHOLAS is a resident of Williamson County, Texas.

4. Defendant FORMASPACE LOGISTICS SERVICES, LLC, is an entity which may be served with process by serving its Registered Agent, Council Oak Investors, LLC, 1411 Burford

Place, Austin, TX 78704.

5. Defendant FORMASPACE, LP is an entity which may be served with process by serving its Registered Agent, Jeffrey A. Turk, 1100 East Howard Ln., Ste. 400, Austin, TX 78753.

6. During the course of Plaintiffs' employment, Defendants acted in concert as a joint employer, single employer, and as a single integrated enterprise.

## JURISDICTION AND VENUE

7. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiffs pursuant to 42 U.S.C. §1981 and the Texas Commission on Human Rights Act in accordance with those statutes' provisions against discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiffs are entitled under the law on account of discrimination on the basis of race and religion and on account of retaliation for participating in activity protected under 42 U.S.C. §1981 and the Texas Commission on Human Rights Act.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

9. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

11. Plaintiff Rodney Smith was hired by Formaspace as a temporary employee in June

2015, and was hired on as a permanent employee in or around September 2015. Plaintiff De'Quon Nicholas was hired as a temporary employee in or around June 2015 and was made full-time in November 2015. Mr. Smith and Mr. Nicholas are African-American.

12. Shortly after they were hired, Mr. Smith and Mr. Nicholas both noted that non-African-American employees were treated more favorably than African-Americans at Formaspace. Non-African-American employees were permitted to take longer breaks, to no call-no-show, to not perform work duties during working hours, to stop production, and to take extended breaks. Mr. Smith and Mr. Nicholas were encouraged by one of the non-African-American Leads, Mark Lopez, not to have lunch with each other and, when they continued to do so, Mr. Lopez changed their lunch hours so that they could not go to lunch together. Mr. Lopez did not do this to non-African-American employees.

13. Mr. Lopez also attempted to influence Mr. Smith and Mr. Nicholas to go to his church and his Bible study groups. Mr. Lopez would also give Mr. Smith and Mr. Nicholas Bible verses to read and religious pamphlets to carry around. When Mr. Smith and Mr. Nicholas declined his invitations, Mr. Lopez began a pattern of retaliation against them that included increased scrutiny and criticism of their work.

14. Mr. Smith and Mr. Nicholas brought these differences in treatment and their concerns about Mr. Lopez's religious pressure on them to the attention of management in or around November 2015, but did not see any change in circumstances after they did so.

15. On or around December 8, 2015, Mr. Smith and Mr. Nicholas again made a report to Defendant's management about their perception about race discrimination in the distribution of hours.

3

16. On December 11, 2015, Formaspace terminated both Mr. Smith and Mr. Nicholas.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

17. 42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

18. Defendants intentionally discriminated against Plaintiffs because of their race and in retaliation for their complaints of race discrimination in violation of 42 U.S.C. §1981 by unlawfully discharging their employment. Plaintiffs made a discrimination complaint, opposed a discriminatory practice by Defendants, and suffered materially adverse employment actions as a result in that Defendants terminated Plaintiffs' employment. The unlawful practices committed by Defendants were and are a direct cause of Plaintiffs' damages, as more fully set forth below.

### COUNT TWO
### DISCRIMINATION AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

19. <u>Discrimination</u>. The conduct of the Defendants towards Plaintiffs, through their agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race and religion, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiffs' race and religion were determining or motivating factors in Defendants' employment decisions regarding Plaintiffs, including the decision to terminate Plaintiffs' employment. Plaintiffs' race and religion moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiffs.

20. <u>Retaliation</u>. In addition, Defendants retaliated against Plaintiffs for making discrimination complaints and for otherwise opposing race and religious discrimination by the employers. See Texas Labor Code §21.055. Plaintiffs' discrimination complaints were a determining or motivating factor in Defendants' employment decisions regarding Plaintiffs, including the decision to terminate Plaintiffs' employment.

## **DAMAGES**

21. As a result of Defendants' unlawful conduct, Plaintiffs have suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiffs have also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

22. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiffs. Plaintiffs additionally bring suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and

non-pecuniary losses.

23. The conduct committed by Defendants against Plaintiffs is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiffs. Therefore, Plaintiffs additionally brings suit for punitive damages. See Tex. Lab. Code §21.2585(a), (b); 29 U.S.C. §621 *et seq.;* 42 U.S.C. §1981a.

## ATTORNEYS' FEES AND EXPERT FEES

24. A prevailing party may recover reasonable attorneys' and experts' fees under 42 U.S.C. §1981 and the Texas Commission on Human Rights Act. Plaintiffs seek all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiffs additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

Plaintiffs demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiffs damages as specified above;

3. The Court award Plaintiffs reinstatement or, in the alternative, front pay.

4. The Court award Plaintiffs' reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiffs pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law

or in equity.

                Respectfully submitted,

                THE LAW OFFICES OF KELL A. SIMON
                902 East 5th Street, Suite 207
                Austin, Texas 78702
                (512) 898-9662 Telephone
                (512) 368-9144 Facsimile

                /s/ Kell A. Simon
                Kell A. Simon
                State Bar No. 24060888
                ATTORNEY FOR PLAINTIFF